OHIO STATE BAR ASSOCIATION *v.* BRUNER.

[Cite as *Ohio State Bar Assn. v. Bruner,* **133 Ohio St.3d 163, 2012-Ohio-4326.**]

*Attorneys—Misconduct—Failure to act with reasonable diligence in representing clients—Failure to communicate with client—Charging excessive fees—Two-year suspension, stayed on condition of reimbursement.*

(No. 2012-0307—Submitted March 7, 2012—Decided September 27, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-076.

_____

**Per Curiam**.

{¶ 1} Respondent, Harvey B. Bruner of Cleveland, Ohio, Attorney Registration No. 0004829, was admitted to the practice of law in Ohio in 1974. On August 15, 2011, relator, Ohio State Bar Association, charged Bruner with professional misconduct arising from his neglect, failure to reasonably communicate, and charging clearly excessive fees in three client matters. On January 20, 2012, relator filed an amended complaint alleging the same misconduct, but modifying a factual allegation.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement filed on January 30, 2012. *See* BCGD Proc.Reg. 11. In the parties' consent-to-discipline agreement, Bruner stipulates to the facts as alleged in relator's complaint—namely, that he neglected client matters by filing inaccurate documents in one case and failing to timely file an appeal in another and that he charged clearly excessive fees, failed to advise clients of his hourly rate, and failed to maintain time sheets, notes, or records to document the time he spent working on client matters.

**{¶ 3}** The parties stipulate that Bruner's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4 (requiring a lawyer to reasonably communicate with a client), and 1.5(a) (prohibiting a lawyer from charging an illegal or clearly excessive fee).

**{¶ 4}** The parties agree that no aggravating factors exist and that mitigating factors include the absence of a prior disciplinary record, absence of a dishonest or selfish motive, full and free disclosure and a cooperative attitude toward the disciplinary proceedings, and Bruner's good character and reputation aside from the charged misconduct. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e).

**{¶ 5}** Based upon these substantial mitigating factors, the parties stipulated that a two-year suspension, all stayed on the condition that he make restitution of $1,000 to Michael Cox, $8,500 to Shawn Burton, and $2,500 to Robert Haidet, in accordance with the schedule attached to the consent-to-discipline agreement, which requires restitution to be paid in full by July 15, 2012.

**{¶ 6}** The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11, and citing *Columbus Bar Assn. v. Williams*, 129 Ohio St.3d 603, 2011-Ohio-4381, 955 N.E.2d 354 (imposing a two-year, conditionally stayed suspension on an attorney who failed to file an appellate brief in a client's appeal of his convictions for rape, murder, and attempted tampering with evidence), they recommend that we adopt the agreement in its entirety. We agree that Bruner violated Prof.Cond.R. 1.3, 1.4, and 1.5(a) and that, consistent with the parties' agreement, this conduct warrants a two-year, conditionally stayed suspension. Therefore, we adopt the parties' consent-to-discipline agreement.

**{¶ 7}** Accordingly, Bruner is hereby suspended from the practice of law in Ohio for two years, all stayed on the condition that he make restitution of

$1,000 to Michael Cox, $8,500 to Shawn Burton, and $2,500 to Robert Haidet, within 30 days of the date of this order. If Bruner fails to comply with the condition of the stay, the stay will be lifted and Bruner shall serve the full two-year suspension. Costs are taxed to Bruner.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Eugene P. Whetzel; Kegler, Brown, Hill & Ritter Co., L.P.A., and Geoffrey Stern; and Smith, Rolfes & Skavdahl Co., L.P.A., and M. Andrew Sway, for relator.

Richard C. Alkire Co., L.P.A., Richard C. Alkire, and Dean C. Nieding, for respondent.

_____